UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kathryn Lehsten,

Plaintiff,

v.

The University of Toledo, *et al.*,

Defendants.

Case No. 3:20-cv-182

MEMORANDUM OPINION
AND ORDER

## I. INTRODUCTION

Defendants the University of Toledo and Wendy F. Davis have filed a motion to dismiss Counts I, III, and IV of Plaintiff Kathryn Lehsten's First Amended Complaint, arguing those counts are barred by the doctrine of sovereign immunity. (Doc. No. 14). Lehsten filed a brief in opposition. (Doc. No. 15). Defendants filed a brief in reply. (Doc. No. 16). After obtaining leave, Lehsten filed a sur-reply brief. (Doc. No. 19). She also filed a motion to amend her complaint, (Doc. No. 17), which Defendants have not opposed. For the reasons stated below, Defendants' motion to dismiss is denied and Lehsten's motion to amend is granted.

## II. BACKGROUND

Lehsten was employed as a medical assistant in a clinic at the University of Toledo Medical Center ("UTMC"). A few months after she started working at UTMC, Lehsten began experiencing migraines, which ultimately resulted in her being diagnosed with Chiari malformation. (Doc. No. 4 at 3). Once eligible, she began taking intermittent leave under the Family and Medical Leave Act

("FMLA") when her symptoms flared up. She alleges Defendants improperly disciplined her for missing work due to her FMLA-qualifying condition, including by placing her on a corrective action plan that required her to reduce her use of sick time. Lehsten asserts she was terminated in January 2018 as the result of attendance points which accumulated due to her need to take time off work to address her symptoms. (Doc. No. 4 at 4-5). She was later rehired at UTMC but subsequently fired by her previous supervisor, allegedly because "she was not a 'team player,'" though Lehsten asserts this merely was a pretext for Defendants' discriminatory motive. (*Id.* at 5).

Lehsten asserts claims for interference with her FMLA rights (Count I), retaliation for use of her FMLA rights (Count II), disability discrimination in violation of Ohio Revised Code § 4112.02 (Count III), and retaliation for engaging in protected activity and opposing discriminatory treatment in violation of Ohio Revised Code § 4112.02(I) (Count IV).

## III. STANDARD

A party may move to dismiss claims alleged against it for lack of subject matter jurisdiction by filing a motion under Rule 12. Fed. R. Civ. P. 12(b)(1). As a general rule, courts lack jurisdiction over claims against a State unless the State has waived its sovereign immunity as to that claim. *Nair v. Oakland Cnty. Cmty. Mental Health Auth.*, 443 F.3d 469, 473–74 (6th Cir. 2006); *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005).

Rule 15 provides a party may amend its pleadings once as a matter of course within 21 days of serving the pleading or, if a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. Pro. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989). "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

## IV. ANALYSIS

Defendants argue Counts III and IV must be dismissed because the State of Ohio has not waived its sovereign immunity as to such claims except in the Ohio Court of Claims. (Doc. No. 14 at 4-6). Lehsten agrees and requests that her state-law claims be dismissed without prejudice so she may pursue them in the Court of Claims. (Doc. No. 15 at 2).

Defendants also argue Count I must be dismissed because it includes a claim for monetary damages and the State of Ohio has not waived sovereign immunity as to claims for monetary damages under the FMLA. (Doc. No. 14 at 7-10). Lehsten disputes this, asserting that her limited references in "benefits" in her complaint do not constitute a claim for monetary damages. (Doc. No. 15 at 8). Instead, Lehsten argues, she seeks only equitable and prospective relief, which fall outside of the sovereign-immunity bar. *See Crugher v. Prelesnik*, 761 F.3d 610, 614 (6th Cir. 2014); *Carten v. Kent State Univ.*, 282 F.3d 391, 396 (6th Cir. 2002).

In her opposition brief, Lehsten requested leave to amend her complaint if I agreed with Defendants' monetary-damages argument and concluded Count I requested more than equitable relief. (Doc. No. 15 at 11). After Defendants filed their reply brief, Lehsten filed a motion for leave to amend her complaint. (Doc. No. 17). Lehsten proposes to remove the references to "benefits" and also to delete Counts III and IV. (*See* Doc. No. 17-1). Defendants have not opposed Lehsten's motion.

Lehsten's proposed second amended complaint resolves the issues raised by Defendants' motion to dismiss, and Defendants have not indicated they would suffer any prejudice if I were to grant her motion to amend. *Hageman*, 486 F.2d at 484. I conclude Lehsten's proposed amendments are proper and therefore grant her motion to amend.

## V. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss, (Doc. No. 14), is denied, and Plaintiff's motion to amend, (Doc. No. 17), is granted. The Clerk of Courts is instructed to file Plaintiff's proposed second amended complaint on the docket.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge